Singh v. Lynch

BIA
Christensen, IJ
A200 943 204

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand fifteen.

PRESENT:
RALPH K. WINTER,
DENNIS JACOBS,
GERARD E. LYNCH,
*Circuit Judges.*

_____

GURPREET SINGH, AKA SINGH
GURPREET,
*Petitioner,*

v.                                          **14-2430**
                                            **NAC**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, New York, New
                         York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Linda S.
                         Wernery, Assistant Director;
                         Gregory M. Kelch, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a June 20, 2014 decision of the BIA affirming a May 17, 2013 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpreet Singh,* No. A200 943 204 (B.I.A. June 20, 2014), *aff'g* No. A200 943 204 (Immig. Ct. N.Y. City May 17, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications, like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility determination, which was based mainly on Singh's implausible testimony. The agency reasonably found it implausible that Singh could be a party activist with a pro-Sikh political party, without knowing the party's chief goal, or that elections occurred shortly after he began his alleged activism. We uphold an IJ's implausibility findings unless we have a "definite and firm conviction that a mistake has been committed," *Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir.

3

2006) (internal quotation marks omitted), as long as the finding is "tethered to record evidence," *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).

The agency's implausibility finding is supported by Singh's inconsistent testimony about alleged persecution related to his activism. His application stated that he was beaten by Congress Party "hooligans." However, he initially testified that he was at a rally when unknown assailants beat him for undisclosed reasons, and then immediately testified that his assailants told him to join the Congress Party. His claim of political activism is undermined by his changing accounts of the incident and the motivation for it, and by his ignorance of the goals of his party and the fact that elections had occurred.

Singh was given opportunities to explain the implausible features of his testimony. Although he had never heard of Khalistan (the independent state whose formation is the central goal of his political party), he said that people in India do not talk about Khalistan for fear that they will be persecuted. As to not knowing about the 2009 elections, he stated that he was a simple party worker who provided free food service for

4

the impoverished. Neither explanation is so compelling that a reasonable fact-finder would be compelled to accept it, particularly as it contradicts his assertions in his application that he was one of a small group of activists who promoted the party. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Further, the IJ reasonably found that Singh's corroborating evidence was insufficient to rehabilitate his testimony. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). While Singh stated that he had learned of Khalistan by attending a Sikh temple in the United States, he produced no evidence from his fellow congregants. Further, he submitted no evidence from his family describing the 2004, 2009, and 2010 incidents. And, the IJ permissibly afforded scant evidentiary weight to the documentary evidence that he did submit because the authors of letters from his village leader and the political party were unavailable for cross-examination, and his doctor's letter was not contemporaneous with the treatment it described. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Considering the foregoing, the IJ's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165-66. This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three claims were based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk